**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEE MORE LIGHT INVESTMENTS, | No. 09-16953 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00580-MHM |
| v. | |
| MORGAN STANLEY DW INC., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Argued and Submitted November 4, 2010
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and KORMAN, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

Morgan Stanley DW, Inc. ("MSDW"), appeals the district court's vacation of an arbitration award against See More Light Investments ("SMLI").[1] Because we find that the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.101 *et seq.* (2009) ("CACR"), are not "well defined, explicit, and clearly applicable" to the bond transaction at issue here and because it is not clear that the arbitrators exercised a manifest disregard for the law, we reverse.

First, we deny MSDW's motion to strike Exhibits 7-23 from SMLI's supplemental excerpts of record. Although SMLI did not follow the proper procedure to supplement the record, we exercise our authority to consider these documents as this is the extraordinary case in which the documents are helpful to the court and are not prejudicial to either party. *See United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007).

Next, we reverse the district court's determination that the arbitrators acted in manifest disregard of the law by finding in favor of MSDW. We review a decision to vacate or confirm an arbitration award *de novo*. *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010). The burden of establishing grounds for vacating an arbitration award is on the party seeking it.

---

[1] The parties are familiar with the facts and we repeat them here only as necessary to explain our decision.

*U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

Review of the award is "both limited and highly deferential" because arbitration is a favored form of dispute resolution. *PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004) (internal quotation marks and citation omitted).

The Federal Arbitration Act ("FAA") limits the circumstances in which a federal court may vacate an arbitration panel's award. *See* 9 U.S.C. §§ 9-10. Specifically, 9 U.S.C. § 10 provides, in part, that a court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.* at § 10(a)(4).

Where, as was the case here, the claim is that the arbitrators exceeded their powers the Ninth Circuit has imposed a high standard. "[A]rbitrators exceed their powers . . . not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." *Kyocera Corp. v. Prudential-Bache T. Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (internal quotation marks and citations omitted). "'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Mich. Mut. Ins. Co. v.*

3

*Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995). "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.* "'As such, mere allegations of error are insufficient.'" *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (quoting *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004)).

The district court held that the arbitrators manifestly disregarded the law when they recognized that the CACR applied to bond transaction between MSDW and SMLI but failed to find that the CACR prohibited the transaction. The district court's decision rests on its interpretation of the text of the CACR.[2] The district court held that, under the CACR, "the sale of Cuban bonds unquestionably constitutes a transaction as defined by the Regulations, [so] there is no doubt that the transaction between Plaintiff and Defendant is prohibited and null and void. The Regulations are well defined, explicit, and clearly applicable, in accord with the Ninth Circuit's requirement in *Carter*, 374 F.3d at 838."

We disagree. We do not find that the CACR are as "well defined, explicit, and clearly applicable" as did the district court. For example, the district court does not discuss the provision set forth at 31 C.F.R. § 515.203(d) that provides an

---

[2]    SMLI did not submit any excerpts or exhibits from the arbitration proceeding in support of its motion to vacate the arbitration award.

exception for certain otherwise void transactions under the CACR. Specifically, it provides that transactions that are otherwise null and void, and therefore unenforceable under the CACR, are not void if the transfer was not a "willful violation" and the actor did not have "reasonable cause" to know of the violation, and upon discovery of the possible violation the actor "[p]romptly" reported the transaction to the U.S. Treasury. *Id.*

Here, it is undisputed that the arbitrators considered the CACR. Accordingly the arbitrators may have concluded that the exception described in § 515.203(d) applied to the bond transaction at issue here. SMLI, which carried the burden of proof, did not address whether MSDW fell within this exception, and the district court did not address this exception. Moreover, the arbitrators may have considered some other provision of the CACR, or interpreted the CACR differently, then the district court did. Absent a showing that the arbitrators manifestly disregarded the CACR, we are compelled to confirm the award under our deferential standard of review. *Mich. Mut. Ins. Co.*, 44 F.3d at 832. We therefore **REVERSE** the district court's order vacating the arbitrators' award.